**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:19-cr-129** |
| | **JUDGE BLACK** |
| **vs.** | |
| **JAMMELL JOHNSON(1),** | |
| **MARTEZ BROWN(2),** | |
| **MICHAEL JOINTER(3), and** | |
| **DWAYNE PALMORE (4),** | |
| **Defendants.** | |

## PROTECTIVE ORDER

On the motion of the United States of America, by Ashley Brucato, Assistant United States Attorney,  pursuant to Federal Rule of Criminal Procedure 16(d), and for good cause shown,

IT IS HEREBY ORDERED THAT:

1.      All materials, including documents, electronic data, and audio/visual materials, provided by the Government to the defense in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; Brady v. Maryland; or United States v. Giglio, are considered "Confidential Information."  Confidential Information includes not only the materials provided, but the contents and/or information contained within those materials.

2.      Confidential Information disclosed by the Government during the course of proceedings in this action:

  a)    Shall be provided to defense counsel of record;

  b)    Shall be reviewed with the Defendant only in defense counsel's presence, except for audio/visual recordings (if any) involving confidential informant(s), which will be maintained at the U.S. Attorney's Office for the Southern District of Ohio and are available for defense counsel's inspection only, although draft transcripts of statements made by the Defendant on

such recordings will be provided to defense counsel and can be shared with the Defendant;

c) Shall not be given to the Defendant, and the Defendant is prohibited from maintaining in his possession, any confidential information or any notes about confidential information, regardless of who prepared the notes;

d) Shall be used by the defendant and his counsel only for purposes of defending this criminal action;

e) Shall not be disclosed in any form by the defendant or his counsel to any persons, except to those persons designated in paragraph 2(f) below;

f) For purposes of this Order, Designated Persons are defined as:

i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by defense counsel;

ii. independent expert witnesses, investigators or expert advisors retained—pursuant to a written retainer agreement—in connection with this action; and

iii. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon the defendant's motion.

3. Prior to any disclosure of Confidential Information to Designated Persons, defense counsel shall provide a copy of this Order to Designated Persons. Designated Persons shall be subject to the terms of this Order and shall sign the acknowledgment attached to this Order, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with, shown, or read the contents of any materials produced pursuant to terms of this Order. Designated Persons may not, under any circumstances, disclose Confidential Information to anyone other than the defendant and his counsel.

4. Confidential Information disclosed to defense counsel during the course of proceedings in this action, including all copies made of said material, shall, at the conclusion of this matter, either be returned to the Government or shredded and destroyed in a method approved by the parties or the Court. This matter will be concluded upon expiration of the period for a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255; direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is latest.

5. Defense counsel will not attach any materials produced pursuant to this Order to any public filings with the Court or publicly disclose any such materials or their contents in any other manner, without prior notice to the Government. If defense counsel and the Government cannot agree on the manner in which the materials or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

6.     If any dispute should arise between the parties to this action as to whether any documents, materials, or other information is Confidential Information subject to the provisions of this Order, such documents, materials, and information shall be considered Confidential Information pending further Order of this Court.

7.     The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, or trial held in this action or to any district or magistrate judge of this Court for purposes of this action, provided that such disclosure

**SO ORDERED.**

_____
**HON. TIMOTHY S. BLACK**
**U.S. DISTRICT COURT JUDGE**

Appendix A

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that s/he has read the Protective Order entered in the United States District Court for the Southern District of Ohio in the case captioned <u>United States v. Jammell Johnson</u> *et al.*, Criminal No. 1:19-cr-129, understands its terms, and agrees to be bound by each of those terms.  Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Information made available to her/him other than in strict compliance with the Order.  The undersigned acknowledges that her/his duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED: _____         BY: _____

(type or print name)

SIGNED: _____